IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| SRINIVAS GINJUPALLI,<br><br>*Plaintiff,*<br><br>vs.<br><br>CHAMELEON FINANCE; LAKSHMI FINANCE CENTER; SUMMIT FUSION LLC; ELIZIR CO., LIMITED; LUXURY COLLECTION INC; CAI CONG; YOUYOU LIN; MICHELLE LI; COGOLINKS TECHNOLOGY, LLC; and DOES 1–100,<br><br>*Defendants.* | Case No. 9:25-cv-00290-MJT |

**COGOLINKS TECHNOLOGY, LLC'S**
**REPLY IN SUPPORT OF MOTION TO DISMISS UNDER RULE 12(b)(6)**

Plaintiff's Response confirms dismissal is warranted. First, as Plaintiff acknowledges, this Court found that "CoGoLinks's accounts no longer contain any funds traceable to Plaintiff."[1] That finding was the result of five months of expedited discovery, a two-day evidentiary hearing, thousands of pages of bank records, and live testimony from two expert witnesses. Because all of Plaintiff's claims are premised on the assumption that CoGoLinks inequitably retained funds traceable to Plaintiff, the claims should be dismissed.[2] Second, Plaintiff's claims should also be dismissed because (1) Plaintiff's theories rest on alleged Bank Secrecy Act ("BSA") violations

[1] Dkt. 95, Plaintiff's Response in Opposition to CoGoLinks Technology, LLC's Motion to Dismiss Under Rule 12(b)(6), at 6–7. *See also* Dkt. 92, Order Granting in Part and Denying in Part Plaintiff's Motion to Extend Preliminary Injunction Through Trial and Final Judgment (the "Order"), at 10.

[2] To the extent the Court believes that CoGoLinks is in possession of transaction fees that should be returned to Dr. Ginjupalli, CoGoLinks has offered to pay the $252 in transaction fees to Plaintiff. At the time of filing this Reply, Plaintiff has not responded to the offer. Because CoGoLinks has tendered the transaction fees, there should be no further liability as to CoGoLinks.

and noncompliance, which cannot support civil liability; and (2) the Amended Complaint fails to plausibly allege money had and received under Texas law or constructive trust under Texas or Georgia law. Additionally, the Court should dismiss Plaintiff's possession of stolen property claim with prejudice and take judicial notice of the pleadings and orders in this case.

**A. Plaintiff's claims against CoGoLinks must be dismissed because they are impermissible attempts to privately enforce the Bank Secrecy Act.**

"[P]rivate rights of action to enforce federal law must be created by Congress." *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001). And if the statute itself does not provide a private cause of action, one "will not be created through judicial mandate." *Ziglar v. Abbasi*, 582 U.S. 120, 133 (2017). The BSA creates no private right of action. *See Gemstone Foods, L.L.C. v. JPMorgan Chase Bank, Nat'l Ass'n,* No. 26-60049, 2026 WL 1507876, at *3 (5th Cir. May 29, 2026) (recognizing that courts have consistently held that the BSA does not create a private right of action). And courts in this Circuit dismiss claims that, regardless of label, rely on alleged BSA violations because the BSA provides no private action and imposes duties to the government, not to "remote victims." *See, e.g., Marlin v. Moody Nat'l Bank, N.A.*, No. H–04–4443, 2006 WL 2382325, at *7 (S.D. Tex. Aug. 16, 2006), aff'd, 248 F. App'x 534 (5th Cir. 2007); *META Solutions v. First State Bank of Brownsboro*, No. 6:19-CV-329-JDK, 2020 WL 12991132, at *1-3, 6-7 (E.D. Tex. Apr. 16, 2020); *Hunter v. Navy Fed. Credit Union*, No. 3:24-CV-788, 2024 WL 3094610, at *5 (N.D. Tex. June 20, 2024).

Plaintiff insists that his claims are not premised on BSA violations, but that any potential BSA violations merely provide the "equitable context" for his claims.[3] But the "inequitable" conduct alleged in the Amended Complaint are all veiled allegations of BSA violations:

[3] Dkt. 95, at 22.

- "Despite acknowledging that it is subject to American regulation, CoGoLinks does not adhere to said regulation…"[4]
- "CoGoLinks does not appropriately or adequately scrutinize its customers or their businesses…nor does CoGoLinks sufficiently examine transfers…"[5]
- "CoGoLinks' failure to evaluate its customers and monitor transfers for badges of fraudulent activity demonstrates clear inequity…"[6]

Following Plaintiff's presentation at the previous injunction hearing, it should be no secret to the Court that Plaintiff is attempting to complain about CoGoLinks' alleged failures under the BSA.

Equity does not provide a back door to privately enforce federal laws with no private right of action. Otherwise, plaintiffs could bring lawsuits under federal statutes with no private right of action, claim the violation of the statute was "inequitable" and circumvent Congress's intent to not impose a private right of action in the statute. This Court should dismiss Plaintiff's claims because they are based on alleged violations of the BSA and thus do not state a claim upon which relief can be granted.

**B. Plaintiff's remaining claims for money had and received and constructive trust must be dismissed.**

Plaintiff's claims for money had and received and constructive trust should also be dismissed because Plaintiff's Amended Complaint lacks sufficient allegations to state a claim.

First, Plaintiff's money had and received claim must be dismissed because CoGoLinks never inequitably held funds that belonged to Plaintiff. To succeed on money had and received, Plaintiff must allege facts showing that CoGoLinks held funds that in equity and good conscience belong to Plaintiff. *H.E.B., L.L.C. v. Ardinger*, 369 S.W.3d 496, 507 (Tex. App.—Fort Worth

---

[4] Dkt. 41, Plaintiff's First Amended Complaint, at ¶ 71.

[5] *Id.*

[6] *Id.* at ¶ 72.

2012, no pet.) (citing *Staats v. Miller*, 243 S.W.2d 686, 687 (Tex. 1951)). Instead, Plaintiff's allegations show that at all times, the funds were held by Elizir after Plaintiff voluntarily wired the funds to Elizir. Plaintiff acknowledges this in his Response, admitting that CoGoLinks received Plaintiff's wires "on behalf of" Elizir.[7] And the Amended Complaint explains that CoGoLinks ultimately distributed funds according to Elizir's payment instructions.[8] Plaintiff's argument concerning the transaction fees does not save his money had and received claim because the Amended Complaint does not allege that CoGoLinks charged, received, or retained any transaction fees from the Elizir transactions. Based on Plaintiff's own pleadings and allegations, the funds in CoGoLinks' accounts from Plaintiff's wires were for Elizir and Elizir only. Because Plaintiff's own allegations rebut the notion that CoGoLinks held funds that equitably belonged to Plaintiff, the money had and received claim should be dismissed.

Second, Plaintiff's constructive trust claim must be dismissed for failure to state a claim because Plaintiff has no underlying claim to support the imposition of a constructive trust, and the Amended Complaint lacks allegations supporting the necessary elements under Texas and Georgia law. A constructive trust is not an independent cause of action and requires success on an underlying substantive claim. *See In re Moore*, 608 F.3d 253, 263 (5th Cir. 2010); *St. Paul Mercury Ins. Co. v. Meeks*, 508 S.E.2d 646, 648 (Ga. 1998). Plaintiff voluntarily dismissed his possession of stolen property claim.[9] And as explained above, the money had and received claim should be dismissed with prejudice for failure to state a claim. Without an underlying substantive claim, this Court cannot impose a constructive trust.

---

[7] Dkt. 95, at 22.

[8] Dkt. 41, at ¶ 39.

[9] Dkt. 95, at 23, 29.

The Amended Complaint also lacks sufficient factual allegations to support a constructive trust. In both Texas and Georgia, a constructive trust requires unjust enrichment to the defendant. *See KCM Financial LLC v. Bradshaw*, 457 S.W.3d 70, 97 (Tex. 2015); *Roberts v. Smith*, 801 S.E.2d 915, 921 (Ga. App. 2017). Plaintiff argues that CoGoLinks was unjustly enriched from the transaction fees. But the Amended Complaint lacks any allegation that CoGoLinks retained any transaction fees. Because Plaintiff failed to state a claim for constructive trust, the claim must be dismissed.

Further, Plaintiff's reliance on *Midwestern Cattle* is misplaced. In that case, the plaintiff alleged that the defendant bank held funds belonging to the plaintiff arising out of a check kiting scheme that was orchestrated by one of the plaintiff's business partners. *Midwestern Cattle Mktg., L.L.C. v. Legend Bank, N. A.*, 800 Fed. Appx. 239, 241 (5th Cir. 2020). The plaintiff asserted several causes of action, including a cause of action for money had and received. Plaintiff also sought a constructive trust arising out of the money had and received claim. *Id.* at 244.

The district court granted the defendant's summary judgment motion with respect to plaintiff's entire complaint and the plaintiff appealed. *Id.* The Fifth Circuit addressed two issues with respect to the district court's decision to grant summary judgment on the money had and received claim. First, the Fifth Circuit held that the district court erred by granting summary judgment for the defendant based upon the defendant's unclean hands defense because the district court's order failed to demonstrate that the district court failed to "balance 'plaintiff's errors of omission or commission ... against the defendant's unjust acts.'" *Id.* at 246. The Fifth Circuit stated, "[i]n failing to properly analyze or otherwise appropriately assess this defense, we hold that this district court abused its discretion." *Id.*

Second, the defendant argued that the plaintiff "failed to demonstrate ownership of funds held by [the defendant bank], which it asserts is necessary to succeed on a claim for money had and received." *Id.* The Fifth Circuit held that the defendant's argument was misplaced, as a money had and received plaintiff only needs to prove that "defendant holds money which in equity and good conscience belongs to" the plaintiff. *Id.* The district court erred by granting summary judgment for the defendant because "[t]hat showing is in dispute here in light of MCM's evidence and position claiming that it is the rightful owner of the disputed funds." *Id.* Ultimately, the Fifth Circuit in *Midwestern Cattle* reversed the district court's summary judgment because the court resolved factual disputes prematurely. *Id.* at 245–47. The decision in *Midwestern Cattle* does not, however, protect bare, deficient pleadings from Rule 12(b)(6).

In this case, CoGoLinks' motion to dismiss is not based upon the unclean hands defense, or any affirmative defenses. CoGoLinks' motion to dismiss is not based upon a failure of plaintiff to demonstrate ownership of funds. And granting the motion to dismiss will not require the Court to resolve any factual disputes. Rather, CoGoLinks' motion to dismiss is based upon Plaintiff's deficient pleadings and controlling law that prohibit his claims as a matter of law.

### C. The possession of stolen property claim under Georgia law should be dismissed with prejudice.

Plaintiff voluntarily dismissed with prejudice his claim for possession of stolen property under Georgia law.[10] The Court should dismiss the claim with prejudice.

Plaintiff pled only conclusory allegations that "[d]efendants knowingly received" stolen funds, with no facts showing CoGoLinks knew or should have known of the theft or underlying

[10] Dkt. 95, at 23, 29.

fraud when it received the funds.[11] CoGoLinks already briefed these defects, and Plaintiff offers no amendment that could cure them. Further, this Court's Order found that "an ordinarily prudent person in CoGoLinks's position would likely not have suspected" fraud at the time of receipt based on the record.[12] For these reasons, the possession stolen property claim should be dismissed with prejudice.

**D. The Court should take judicial notice of the pleadings and orders in this case.**

Plaintiff's argument concerning this Court's ability to consider its own Orders and the pleadings in the current case mistake the law and is internally inconsistent.

First, this Court "may take judicial notice on its own" without any formal request from a party. *See* Fed. R. Evid. 201(c)(1). The Advisory Committee's Notes confirm this, explaining that "the judge has discretionary authority to take judicial notice, regardless of whether he is so requested by a party." Fed. R. Evid. 201, Advisory Committee's Notes to Subdivisions (c) and (d). And courts may take judicial notice at any stage of the proceeding. *See* Fed. R. Evid. 201(d); *see also Basic Capital Mgmt., Inc. v. Dynex Capital, Inc.*, 976 F.3d 585, 589 (5th Cir. 2020). Particularly, courts may consider "matters of public record and items appearing in the record of a case." *Joubert on Behalf of Joubert v. City of Houston*, No. 4:22-CV-3750, 2024 WL 1560015, at *2 (S.D. Tex. Apr. 10, 2024); *see also Basic Capital*, 976 F.3d at 589 (finding that the district court "appropriately used judicial notice" to take notice of a publicly available Form 10-K, a state court record, and the contents therein). Thus, this Court can take judicial notice of Plaintiff's other pleadings and the Court's own Order in this case.[13]

---

[11] Dkt. 41, at ¶ 64.

[12] Dkt. 92, at 5.

[13] Even if a formal request was required, CoGoLinks could not have requested this Court take judicial notice of its Order because the Order did not exist yet. CoGoLinks filed its Motion to Dismiss on May 8, 2026. Dkt. 85. The

Plaintiff's argument on the use of extrinsic evidence is also inconsistent. On the one hand, Plaintiff argues that this Court cannot consider any evidence outside the four corners of the Complaint.[14] Yet, on the other hand, Plaintiff relies on extrinsic evidence to support his arguments.[15] Plaintiff cannot have it both ways. This Court should take judicial notice of the pleadings and orders that have been filed in this case.

**E. The Court should deny Plaintiff's request to amend his complaint a second time.**

Plaintiff already amended his complaint once without seeking leave from this Court. That amendment came after over three months of discovery and asserted the current claims against CoGoLinks. Now, Plaintiff seeks leave to amend his complaint a second time, citing additional evidence developed after the first amendment and at the April 21–22 hearing.[16] But this Court has already found that the extensive evidence developed through the April 21–22 hearing undermines, rather than supports, Plaintiff's claims. Any further amendment would therefore be futile. Plaintiff has already had several bites at the apple and it is time to retire the claims against CoGoLinks.

Further, Plaintiff did not confer with CoGoLinks' counsel before seeking leave to amend, in violation of Local Rule CV-7(h). *See Encore Wire Corp. v. Copperweld Bimetallics, LLC*, No. 4:22-CV-232-SDJ, 2023 WL 123506, at *3 (E.D. Tex. Jan. 6, 2023) (denying plaintiff's motion to amend because the plaintiff did not meet and confer with opposing counsel beforehand). Accordingly, Plaintiff's request for leave to amend should be denied.

---

Court issued its Order Denying the Preliminary Injunction as to CoGoLinks on May 22, 2026. Dkt. 92. Thus, CoGoLinks could not have requested the Court take judicial notice of the Order when it filed its Motion to Dismiss.

[14] Dkt. 95, at 25–27.

[15] *See, e.g.*, *id.* at 7, 18.

[16] *Id.* at 28.

**F. Conclusion**

Plaintiff's claims fail because they are all premised on alleged violations of the BSA, which has no private rights of action. Additionally, Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted for money had and received and constructive trust. For these reasons, the Court should grant CoGoLinks' Motion and dismiss all claims against CoGoLinks with prejudice.

**Dated:** June 12, 2026

Respectfully submitted,

*<u>/s/ Sagar Patel</u>*

Sagar Patel (Attorney-in-Charge)
Texas Bar No. 24088195
(713) 226-1296 (Telephone)
(713) 223-3717 (Facsimile)
sagar.patel@troutman.com
Spencer Adkins
Texas Bar No. 24149593
(713) 226-1139 (Telephone)
(713) 223-3717 (Facsimile)
spencer.adkins@troutman.com
**TROUTMAN PEPPER LOCKE LLP**
600 Travis Street, Suite 2800
Houston, Texas 77002

Keith Barnett (*Admitted Pro Hac Vice*)
Georgia Bar No. 142340
(404) 885-3423 (Telephone)
(404) 885-3900 (Facsimile)
keith.barnett@troutman.com
**TROUTMAN PEPPER LOCKE LLP**
600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308
***Counsel for CoGoLinks Technology, LLC***

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was served on all attorneys of record on June 12, 2026 via ECF.

/s/ *Sagar Patel*______________________
Attorney for CoGoLinks Technology, LLC